IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRAD LAMONT WILLIAMS                            PLAINTIFF

v.                          Case No. 4:12-cv-187 KGB

CITY OF ALEXANDER, ARKANSAS, and
HORACE WALTERS, individually and as
ALEXANDER CHIEF OF POLICE                     DEFENDANTS

### PROTECTIVE ORDER

Plaintiff Brad Williams has requested discovery of the personnel files of multiple current and former city employees, including:

    a.    Robert Hawkins;

    b.    Jeffery Watson;

    c.    Calvin Reed;

    d.    Patrick Thompson;

    e.    Mark Ridgeway;

    f.    Brent Lawrence;

    g.    Eric Caffey;

    h.    Oscar DeLeon;

    i.    Officer T. Staton;

    j.    Stacy Cyz;

    k.    John Fenton;

    l.    Joan Allen-Churchill;

    m.    Travis Browning;

    n.    Nancy Cummings;

    o.    Joaquin Alvarado; and

    p.    Eric Staten.

In order to permit Mr. Williams adequate access to the records necessary to present completely his case herein, and, at the same time protect the personal privacy of defendants and current and former employees of the City of Alexander, it is hereby ordered:

1. Defendants have obtained and agreed to produce for Mr. Williams' counsel copies of the personnel files in defendants' possession, pursuant to the Federal Rules of Civil Procedure;

2. Said documents shall be considered confidential;

3. All confidential records or other information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Mr. Williams nor his counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action;

4. All confidential records, documents, tapes, or other information provided hereunder shall be retained in the custody of Mr. Williams' counsel including his paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Mr. Williams' counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by Mr. Williams or persons frequently employed by such expert[s] whose review of the material is necessary for Mr. Williams' prosecution in this litigation;

5. Mr. Williams, Mr. Williams' counsel and his staff and the retained expert witness/witnesses shall not in any manner, directly or indirectly, transfer confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

6. Mr. Williams' counsel, promptly upon completion of this litigation, or before if at such time he has no further use of the confidential information, whichever shall first occur, shall return to defendant all copies and extracts of data from such material and;

7. This Order is without prejudice to the rights of any party to make clear objection to the discovery permitted by the Arkansas or Federal Rules of Civil Procedure, or by any statute or other authority.

SO ORDERED this the  7  day of December, 2012.

_Kristine G. Baker_
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

3